CARLOS ORTIZ, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 749, 2009.
Supreme Court of Delaware.
Submitted: March 8, 2010.
Decided: March 15, 2010.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 15th day of March 2010, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a),[1] it appears to the Court that:
(1) The defendant-appellant, Carlos Ortiz, filed an appeal from the Superior Court's December 18, 2009 order denying his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and affirm.
(2) In May 2003, Ortiz was found guilty by a Superior Court jury of two counts of Rape in the First Degree, three counts of Endangering the Welfare of a Child, six counts of Possession of a Firearm During the Commission of a Felony, and one count each of Attempted Rape in the First Degree, Kidnapping in the First Degree, Burglary in the First Degree, Aggravated Menacing, Terroristic Threatening, and Possession of a Deadly Weapon By a Person Prohibited. Ortiz was sentenced to 84 years incarceration at Level V, to be suspended after 68 years for declining levels of supervision. This Court affirmed Ortiz' convictions on direct appeal.[3] This Court also affirmed the Superior Court's denial of his first postconviction motion.[4]
(3) In this appeal, Ortiz claims that the Superior Court erred by admitting an out-of-court statement by his wife, the primary victim of his crimes, to the police, thereby violating his rights under the Confrontation Clause, in accordance with the ruling of the United States Supreme Court in Crawford v. Washington, 541 U.S. 36 (2004).[5]
(4) In his postconviction motion filed in the Superior Court, Ortiz claimed generally that "testimonial statements" had been admitted illegally at his Superior Court trial in violation of the ruling in the Crawford case. He did not specifically identify the nature of the statements or whose statements they were.[6] In its December 18, 2009 order, the Superior Court determined that Ortiz' motion was time-barred pursuant to Rule 61(i)(1) and that his conclusory claim was insufficient to overcome the time bar under Rule 61(i)(5). Because Ortiz did not specifically present his claim concerning his wife's statement to the Superior Court in the first instance, we decline to address it for the first time in this appeal.[7]
(5) Even if viewed on the merits, Ortiz' claim is unavailing because the ruling in Crawford does not apply if the declarant is available for cross-examination at trial. In Ortiz' case, his wife testified at his trial and was available for cross-examination. As the United States Supreme Court held in Crawford, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements."[8]
(6) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] On February 25, 2010, the Court granted the appellant's request to respond to the motion to affirm. Therefore, we also have considered the appellant's response to the motion to affirm, which was filed on March 8, 2010.
[2] Supr. Ct. R. 25(a).
[3] Ortiz v. State, Del. Supr., No. 320, 2003, Veasey, C.J. (Jan. 15, 2004).
[4] Ortiz v. State, Del. Supr., No. 205, 2007, Jacobs, J. (Dec. 20, 2007).
[5] In Crawford, the United States Supreme Court held that it is a violation of the Confrontation Clause to admit a declarant's out-of-court statement at trial when the declarant is unavailable for cross-examination.
[6] In his direct appeal, Ortiz claimed, unsuccessfully, that his son's out-of-court statement was inadmissible. In his first postconviction motion, Ortiz claimed, unsuccessfully, that his children's out-of-court statements were coerced.
[7] Supr. Ct. R. 8.
[8] Miller v. State, 893 A.2d 937, 953 (Del. 2006) (quoting Crawford v. Washington, 541 U.S. 36, 59 (2004)).