IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARLOS ORTIZ, | § | |
| | § | |
| Defendant Below, | § | No. 444, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 0208005710 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 12, 2015
Decided: November 5, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

# **O R D E R**

This 5th day of November 2015, upon consideration of the appellant Carlos Ortiz's opening brief, the appellee's motion to affirm,[1] and the record below, it appears to the Court that:

(1)    The appellant, Carlos Ortiz, filed this appeal from the Superior Court's order denying his sixth motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). The State of Delaware has moved to affirm

---

[1] Ortiz's request for permission to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

the Superior Court's judgment on the ground that it is manifest on the face of Ortiz's opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, in 2003, a Superior Court jury convicted Ortiz of two counts of Rape in the First Degree and other related offenses arising from Ortiz's attack on his estranged wife. Ortiz was sentenced to a total of eighty-four years of Level V incarceration, suspended after sixty-eight years for decreasing levels of supervision. Ortiz's convictions were affirmed by this Court on direct appeal.[2]

(3)     In June 2015, Ortiz filed his sixth motion for postconviction relief. Ortiz contended that he was prejudiced by the Superior Court's references to the complaining witness as "victim" in the jury instructions. In a decision dated August 5, 2015, the Superior Court denied the motion for postconviction relief.[3] The Superior Court found that Ortiz's motion was, among other things, untimely under Rule 61(i)(1).[4] This appeal followed.

(4)     We review the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[5] The procedural requirements of

[2] *Ortiz v. State*, 2004 WL 77860 (Del. Jan. 15, 2004).
[3] *Ortiz v. State*, 2015 WL 4738026 (Del. Aug. 5, 2015).
[4] *Id.* at *1.
[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

Rule 61 must be considered before any substantive issues are addressed.[6]  In his opening brief, Ortiz does not address the procedural bars of Rule 61.

(5)     Rule 61(d) provides:

(2) *Second or subsequent postconviction motions*. A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:

(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

This was Ortiz's sixth motion for postconviction relief.  Ortiz did not plead with particularity a claim under either Rule 61(d)(2)(i) or Rule 61(d)(2)(ii).  Thus, the Superior Court did not err in denying Ortiz's sixth motion for postconviction relief.

(6)     We have now concluded for a fifth time that the Superior Court properly denied Ortiz's motion for postconviction relief under Rule 61.[8]  We will not continue to invest scarce judicial resources to address untimely and repetitive claims.   If Ortiz continues to file appeals from the denial of untimely postconviction motions, he risks being enjoined from filing such appeals in this

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] Super. Ct. R. 61(d)(2).

[8] *Ortiz v. State*, 2013 WL 458175 (Del. Feb. 5, 2013); *Ortiz v. State*, 2010 WL 3719885 (Del. Sept. 23, 2010); *Ortiz v. State*, 2010 WL 925859 (Del. Mar. 15, 2010); *Ortiz v. State*, 2007 WL 4462942 (Del. Dec. 20, 2007).  Ortiz did not the appeal the Superior Court's denial of his fourth motion for postconviction relief.

Court without first seeking leave of the Court.[9]  Ortiz should also be mindful of Rule 61(j).[10]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[9] *See, e.g.*, *Evans v. State*, 2015 WL 214057, at *2 (Del. Jan. 14, 2015); *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011).
[10] Super. Ct. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").